# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

SAMANTHA PRINCE                                                    PLAINTIFF

v.                            No. 4:14-cv-31-DPM

SOUTHERN SNOW
MANUFACTURING INC.                                                 DEFENDANT

## ORDER

Southern Snow's motion to dismiss, № 3, is denied with a caveat. Complete diversity exists. Prince can't sue her employer. ARK. CODE ANN. § 11-9-105; *Moses v. Hanna's Candle Co.*, 366 Ark. 233, 237, 234 S.W.3d 872, 874 (2006). In any event, she's free to pursue this claim against the machine's manufacturer. Prince has pleaded plausible design, instructions, and warnings claims. Whether the Court has specific personal jurisdiction over Southern Snow remains an open question. Initial discovery should focus on the company's contacts with Arkansas and how this machine got to Russellville. A "stream of commerce" theory will not support general personal jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2855–56 (2011). Whether the theory will support specific personal jurisdiction remains a vexed question. Compare *J. McIntyre Machinery, Ltd. v.*

*Nicastro*, 131 S. Ct. 2780, 2788–89 (2011), *with Walden v. Fiore*, 134 S. Ct. 1115, 1121–22 (2014), *and Barone v. Rich Brothers Interestate Display Fireworks Co.*, 25 F.3d 610, 611–12 (8th Cir. 1994). Any renewed motion on personal jurisdiction—based on facts established by depositions and affidavits—due by 9 January 2015. Scheduling Orders will issue.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

2 July 2014